UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 08 006 ML

| | | |
|---|---|---|
| MAX FORMAL CO.;<br>PLF, LLC<br>*Plaintiffs,*<br>v.<br><br>THE HARTFORD CASUALTY<br>INSURANCE CO.,<br>*Defendant.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. |

**COMPLAINT**

**Count I**

1. Max Formal Co. is a corporation, incorporated under Rhode Island law in 1979, and continuously existing at all times from its incorporation through present. Its sole place of business at all relevant times has been in Providence, Rhode Island. PLF, LLC is a limited liability company organized under Rhode Island law and having its principal place of business in Rhode Island. The members of PLF, LLC are Paul L. Formal, who is a resident of Rhode Island, and Regina Formal Berger, who is a resident of Florida.

2. The Hartford Casualty Insurance Company is a corporation, or an affiliate or division of a corporation, which is incorporated in a state other than Rhode Island or Florida, and which has its principal place of business in Hartford, Connecticut.

3. The amount in controversy in this action exceeds $200,000, exclusive of interest and costs. This court has jurisdiction over the subject matter of this action pursuant to 28 USCA § 1332.

4. Max Formal engages in the business of selling linens and clothing. PLF, LLC, an affiliate of Max Formal, owns three contiguous buildings located on one parcel at 1164 North

Main Street, Providence, Rhode Island. Max Formal and PLF, LLC are hereafter collectively referred to as "Max Formal." Max Formal operates its business from two of these contiguous buildings, and leases the third to a commercial tenant.

5. At all relevant times, Max Formal was the insured under a policy of property and casualty insurance issued by The Hartford, in consideration of the payment of an annual premium.

6. The Policy is an "all risk" policy, which covers Max Formal's buildings against all risks of direct physical loss, excepting only such risk which are expressly excluded by the Policy.

7. Beginning on or about February 20, 2007, and continuing intermittently until April 6, 2007, third parties were engaged in demolishing buildings on the parcel abutting Max Formal's property on the southerly side.

8. On numerous days during the period when such demolition activities were being conducted on the adjacent property, vibrations emanating from such demolition activity caused substantial damage to Max Formal's buildings.

9. Notice of loss and claim under the Policy were promptly provided to The Hartford.

10. The damage caused to Max Formal's buildings from the said demolition activities on the adjacent lot included cracking of masonry and concrete walls throughout the buildings; cracking and bowing of the masonry and concrete wall on the northerly side of the buildings; cracking of interior plaster throughout the buildings; broken glass windows at several locations throughout the buildings; and substantial damage to a sign mounted at the top of the buildings.

11. The estimated costs of repair of this damage exceeded $200,000.

12. All of the said damage for which Max Formal asserted claim occurred during the period between mid-February of 2007 and early April of 2007, the period during which demolition activity was being conducted on the adjacent lot. None of the damage for which Max Formal asserted claim had occurred prior to the commencement of said demolition activity in mid-February of 2007.

13. The Hartford accepted and paid for the portion of the claim regarding the damage to the sign on the buildings, an amount of approximately $12,000. However, The Hartford denied the remainder of Max Formal's claim.

14. The Hartford's denial of Max Formal's claim was based of The Hartford's contention that the damage was caused by frost, which The Hartford contended was within one of the exclusions stated in the Policy.

15. Contrary to the Hartford's contention, the said damage was not caused by frost, nor by earth movement precipitated by frost.

16. The Hartford's denial of Max Formal's claim is a material breach of its obligations under the Policy.

17. The Hartford has the burden of proving that the cause of Max Formal's claimed damage is within the exclusion asserted by The Hartford in denying the claim. Max Formal, in alleging the Hartford's stated grounds for denying the claim, does not assume any burden of proving that the cause of the claimed damage is outside the scope of the exclusion invoked by The Hartford, or outside the scope of any other exclusion in the Policy.

18. Max Formal does not have the financial resources, independent of the Policy, to pay for performance of the necessary repairs to the said damage to its buildings.

19. In addition to the costs of repairing the damage to the buildings, said damage and the repair thereof has caused and will cause Max Formal to suffer disruption to the operation of its business and loss of revenues and income.

WHEREFORE, Plaintiffs demand judgment against The Hartford for compensatory damages in amounts to be proved at trial, plus prejudgment interest commencing April 6, 2007, for costs, and for such other relief as may be appropriate.

**Count II**

20. Plaintiffs incorporate and reallege the allegations of paragraphs 1-19.

21. The Defendant insurer wrongfully and in bad faith refused to pay or settle the plaintiffs' claim.

WHEREFORE, Plaintiffs demand judgment against The Hartford for compensatory damages in amounts to be proved at trial, plus prejudgment interest commencing April 6, 2007, punitive damages, attorney's fees, costs, and for such other relief as may be appropriate.

**Plaintiffs demand trial by jury as to all claims and issues.**

By their attorney,

Dated: Providence, Rhode Island
January 4, 2008

John D. Deacon (#2226)
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195
jdeacon@lmkbw.com

**Counsel for Plaintiffs**

F:/John D/Max Formal/Complaint