UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAX FORMAL CO.;<br>PLF, LLC<br><br>Plaintiffs,<br><br>v.<br><br>THE HARTFORD CASUALTY<br>INSURANCE CO.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-006-ML |

**ANSWER**

Defendant Hartford Casualty Insurance Company ("Hartford"), by and through its counsel, answers the Complaint (the "Complaint") of plaintiffs Max Formal Co. ("Max Formal") and PLF, LLC ("PLF") (collectively, "Plaintiffs") as follows:

**Count I**

1. Hartford admits that Max Formal is a Rhode Island corporation. Hartford further admits that PLF is a Rhode Island limited liability company. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

2. To the extent that the allegations in Paragraph 2 of the Complaint assert legal conclusions, no response is required. To the extent that a response is required, Hartford admits that Hartford is an Indiana corporation and has a principal place of business in Indiana.

3. To the extent that the allegations in Paragraph 3 of the Complaint assert legal conclusions, no response is required. To the extent that a response is required, Hartford admits that the Complaint purports to allege the jurisdictional basis of the claims, admits that the Complaint alleges a controversy in excess of $75,000, and otherwise denies the allegations

contained in Paragraph 3 of the Complaint.

4. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Hartford admits that it issued a Hartford Spectrum Business Insurance Policy, policy number 02 SBA TI3364, to Max Formal Company, Inc. (hereinafter, "the Policy"), and otherwise denies the allegations contained in Paragraph 5 of the Complaint.

6. Hartford admits that insurance coverage was provided for the building(s) identified in the Policy ("the Buildings") subject to the terms and conditions of the Policy, including but not limited to Policy exclusions, that the Policy and its written terms and conditions speak for themselves, and otherwise denies the allegations contained in Paragraph 6 of the Complaint.

7. Hartford admits that third parties were engaged in demolishing buildings on a parcel of land abutting Max Formal's property, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denied.

9. Hartford admits that notice was provided to the Hartford of loss or damage on or about March 1, 2007, and otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10. Hartford admits that a sign mounted on top of one or more of the Buildings was damaged due to wind, and otherwise denies the allegations in Paragraph 10 of the Complaint.

11. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denied.

13. Hartford admits that Hartford accepted and paid a claim for loss made by Max Formal caused by wind damage to a sign mounted on the Buildings. Hartford further admits that it denied Max Formal's claim for the alleged damage to the Buildings, and otherwise denies the allegations in Paragraph 13 of the Complaint.

14. Hartford admits that after investigation it determined that under the terms and conditions of the Policy, including but not limited to the Policy exclusions, there was no coverage for the alleged damage to the Buildings, and otherwise denies the allegations contained in Paragraph 14 of the Complaint.

15. Hartford admits that after investigation it determined that under the terms and conditions of the Policy, including but not limited to the Policy exclusions, there was no coverage for the alleged damage to the Buildings, and otherwise denies the allegations contained in Paragraph 15 of the Complaint.

16. Denied.

17. To the extent that the allegations in Paragraph 17 of the Complaint assert legal conclusions, no response is required. To the extent that a response is required, Hartford denies the allegations in Paragraph 17 of the Complaint.

18. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denied.

**Count II**

20. Hartford repeats and incorporates as though set forth fully herein the responses contained in Paragraphs 1 through 19 above.

21. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fail in whole or in part due to payment.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have waived in whole or in part the claims contained in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, the Complaint should be dismissed in its entirety with prejudice, Hartford should be awarded its attorneys' fees and costs in defending this action as allowed by law, and the Court should grant Hartford such other relief as it deems just and proper.

THE HARTFORD CASUALTY INSURANCE CO.

By its Attorneys,

/s/ Raymond M. Ripple

Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Craig E. Stewart (*pro hac vice*)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0764
(617) 227-4420 (Fax)
cstewart@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 3, 2008.

/s/ Raymond M. Ripple

Raymond M. Ripple